# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 4986 |
| vs. | ) ) | Judge Ronald A. Guzmán |
| RODDY, LEAHY, GUILL & ZIMA, LTD. and PAUL W. SCHUMACHER, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff sues defendants for legal malpractice arising from their representation of plaintiff in a workers' compensation proceeding filed against its insured by one of the insured's employees. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss, arguing that judicially noticeable documents from the underlying proceeding establish that defendants were not the proximate cause of any injury to plaintiff. The Court can take judicial notice of documents filed in another proceeding to establish the fact that the filing was made or that a party took the position set forth in the filing but not to establish the truth of any assertions made in it. *See Opoka v. INS*, 94 F.3d 392, 395 (7th Cir. 1996); Charles Alan Wright, Kenneth W. Graham, Jr., Victor James Gold, Michael H. Graham, Federal Practice & Procedure, § 5106.4 (2d ed.) (same); *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (stating that a court "may . . . take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment.") (quotation omitted). The documents defendants submit suggest that they stopped representing plaintiff in the workers' compensation proceeding on April 11, 2007, nearly two years before it was settled. (*See* Defs.' Mem. Law Supp. Mot. Dismiss, Ex.

A.)  But the documents, which are unauthenticated, do not establish this fact, let alone the conclusion for which defendants offer them, that the substitution of counsel necessarily severed any causal connection between their alleged conduct and plaintiff's alleged injury.  *See* Fed. R. Evid. 901 & 902 (setting forth evidence authentication requirements).  Thus, the purported filings from the workers' compensation proceeding do not provide a basis for dismissing plaintiff's claim.

Alternatively, defendants argue that plaintiff's allegations are too conclusory and speculative to withstand their motion.  To state a viable claim, plaintiff must allege that defendants breached a duty of care they owed to it that arose from an attorney-client relationship and the breach proximately caused plaintiff to suffer actual damages, *i.e.*, "resulted in the loss of . . . a meritorious defense."  *Fox v. Seiden*, 887 N.E.2d 736, 742 (Ill. App. Ct. 2008); *Claire Assocs. ex. rel. Livaditis v. Pontikes*, 502 N.E.2d 1186, 1190 (Ill. App. Ct. 1986); *see McCarthy v. Pedersen & Houpt*, 621 N.E.2d 97, 101 (Ill. App. Ct. 1993) (holding that plaintiff's settlement of the underlying case does not bar a malpractice claim).

Plaintiff alleges that:  (1) it retained defendants in December 2005 to defend it in the workers' compensation proceeding; (2) defendants assumed the duty of representing plaintiff with the requisite degree of skill and care; (3) they breached that duty by inadequately analyzing the facts and law, failing to use "available" evidence, failing to assert "various" defenses and failing to provide "appropriate" advice; (4) as a result of defendants' breach, plaintiff "lost valuable factual and legal defenses" and "has been required to pay substantial amounts of money" for the claimant's medical expenses, disability benefits and attorney's fees. (Compl. ¶¶ 5-11.)  Plaintiff does not, however, identify precisely what defendants did or did not do that caused plaintiff to lose a meritorious defense.  Absent such allegations, plaintiff has not raised its claim for relief above the

2

speculative level, as required to defeat defendants' motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim for relief that is plausible on its face").

**Conclusion**

For the reasons stated above, the Court grants defendants' motion to dismiss [8]. Plaintiff has fourteen days from the date of this Order to file an amended complaint, if it can do so and comply with Rule 11. If plaintiff fails to do so in that period, the Court will dismiss this suit with prejudice.

**SO ORDERED.**                                   **ENTERED: December 5, 2013**

*Ronald A. Guzman*

_____
**HON. RONALD A. GUZMAN
United States District Judge**