IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>RODDY, LEAHY, GUILL & ZIEMA, LTD. and PAUL W. SCHUMACHER,<br><br>    Defendants. | CASE NO.: 13-cv-04986<br><br>Judge Ronald A. Guzman<br>Magistrate Judge Susan E. Cox |

## AMENDED COMPLAINT

Plaintiff, West Bend Mutual Insurance Company, by its attorneys, Peterson, Johnson & Murray, and for its Amended Complaint against the Defendants, Paul W. Schumacher (hereinafter "Schumacher") and Roddy, Leahy, Guill & Ziema, Ltd. (hereinafter "Roddy Leahy"), alleges as follows:

## PARTIES

1.    Plaintiff, West Bend Mutual Insurance Company, is a citizen of the state of Wisconsin and a Wisconsin corporation which maintains its principal place of business in West Bend, Wisconsin, and is engaged generally in the sale of liability and casualty insurance.

2.    Defendant Schumacher is a citizen of the state of Illinois and is an adult resident of the Illinois engaged in the practice of law who is an employee and/or partner in defendant, Roddy, Leahy, Guill & Zima, Ltd.

1

3.	Defendant Roddy, Leah, Guill & Zima, Ltd., is a citizen of the state of Illinois and is law firm engaged in the general practice of law with its principal place of business located at 300 W. Madison Street, Suite 1500, Chicago, Illinois 60606.

## JURISDICTION AND VENUE

4.	This court has jurisdiction to hear this case on diversity of citizenship pursuant to 42 USC §1332 as Plaintiff and Defendants are citizens of different states and the amount in controversy is in excess of $75,000.

5.	The venue of this action is proper pursuant to 28 USC §1391in the northern district of Illinois because the acts giving rise to the claim took place in the northern district of Illinois.

## GENERAL ALLEGATIONS AS TO ALL COUNTS

6.	In December of 2005, plaintiff retained defendant Roddy, Leahy, to provide legal services for it with regard to a worker's compensation claim presented by James Marzano against it and against its insured, Nelson Insulation.

7.	Defendant Roddy, Leahy accepted that retainer and by so doing agreed to exercise that degree of care, skill, judgment and prudence with is commonly exercised by attorneys licensed to practice law in Illinois under the same or similar circumstances.

8.	On behalf of defendant, Roddy, Leahy, defendant Schumacher undertook the principal responsibility for the handling of the Marzano claim and undertook the same standard of care.

9.	Prior to August 2006, there existed certain factual defenses and a medical causation defense to the Marzano claim.

## COUNT I
## LEGAL MALPRACTICE AGAINST SCHUMACHER

10. The Marzano claim was set for hearing before the Workers' Compensation Commission in August 2006.

11. A reasonable attorney defending a Workers' Compensation in 2006 and acting within the standard of care would have taken certain depositions and posed certain questions to the deponents in order to establish an evidentiary basis for factual defenses and the medical causation defense available relative to the Marzano claim.

12. In breach of the applicable standard of care, Attorney Schumacher failed to depose West Bend's IME doctor in order to develop a basis to argue a medical causation defense to Marzano's medical claims; failed to ask basic and relevant questions during plaintiff's treating physician's deposition; and failed to properly and timely prepare witnesses necessary to the defense of the claim.

13. As a result, Attorney Schumacher was not adequately prepared for the August 2006 hearing.

14. At the August 2006, hearing, lacking necessary documentary and testimentary evidence to properly and adequately defend the claim, Attorney Schumacher failed to request a continuance and discussed many key defense theories of the case with counsel for Marzano, making certain concessions to him concerning the merits of the case, including stipulating that the claim was "compensable," thereby conceding liability under Illinois Workers' Compensation law.

15. As a result of the stipulation, counsel for Marzano agreed to forgo the conduct of the August 2006 hearing.

16. A reasonable attorney defending a Workers' Compensation in 2006 and acting within the standard of care would have obtained the insurer's authority before entering into a stipulation with regard to "compensability."

17. Attorney Schumacher was without West Bend's authority to enter into stipulation as to the "compensability" of Marzano's claim.

18. Attorney Schumacher's failure to obtain West Bend's authority to enter into the stipulation as to the "compensability" of the Marzano claim was a breach of the standard of care.

19. As a result of the August 2006 stipulation, the defense was deprived of its factual defenses and any medical causation defense to the Marzano claim. The "compensability" of the claim was no longer at issue and the only issue left for determination was the amount of damages.

20. Because of the stipulation, West Bend ultimately resolved the matter through settlement with Marzano.

21. Had Schumacher not stipulated to the "compensability" of the Marzano claim, and had properly prepared the case for hearing, West Bend would not have lost valuable factual and legal defenses that would have eliminated or substantially reduced any liability of West Bend to Marzano.

22. As a direct and proximate cause of Schumacher's breach of the standard of care, plaintiff was required to pay substantial amounts of money for past medical expenses, past temporary total disability payments, future permanent disability payments, and attorney's fees, as well as having incurred other expenses, all to its damage in a sum substantially in excess of $75,000

## COUNT II
## LEGAL MALPRACTICE AGAINST RODDY LEAHY

23. Plaintiff incorporates paragraphs 1 through 22 of this Amended Complaint as if fully set forth herein.

24. Upon information and belief, at all times relevant hereto, Schumacher was a partner at Roddy Leahy and acted as an agent of Roddy Leahy.

25. Upon information and belief, at all times relevant hereto, Roddy Leahy controlled or had the right to control the conduct of Schumacher relative to the Marzano claim;

26. All of the conduct alleged herein fell within the scope of the Schumacher's agency.

27. Schumacher's breaches of the standard of care are attributable to Roddy Leahy under the doctrine of *respondeat superior*.

28. As a direct and proximate cause of the breach of the standard of care , plaintiff was required to pay substantial amounts of money for past medical expenses, past temporary total disability payments, future permanent disability payments, and attorney's fees, as well as having incurred other expenses, all to its damage in a sum substantially in excess of $75,000

## COUNT III
## LEGAL MALPRACTICE AGAINST RODDY LEAHY
## APPARENT AGENCY THEORY

29. This Count is set forth in the alternative to Count II.

30. Plaintiff incorporates paragraphs 1 through 22 of this Amended Complaint as if fully set forth herein.

31. At all times relevant hereto, Schumacher held himself out as a partner at Roddy Leahy in a manner that led plaintiff to conclude that Schumacher was an actual agent of Roddy Leahy;

32. At all times relevant hereto, and upon information and belief, Roddy Leahy had knowledge of and acquiesced in the acts of Schumacher relative to the Marzano claim.

33. At all times relevant hereto during Schumacher's handling of the Marszano claim, the plaintiff acted in reliance upon the conduct of the principal or its agent, consistent with ordinary care and prudence.

34. Schumacher's breaches of the standard of care are attributable to Roddy Leahy under the doctrine of apparent agency.

35. As a direct and proximate cause of the breach of the standard of care , plaintiff was required to pay substantial amounts of money for past medical expenses, past temporary total disability payments, future permanent disability payments, and attorney's fees, as well as having incurred other expenses, all to its damage in a sum substantially in excess of $75,000

## COUNT IV
## BREACH OF FIDUCIARY DUTY AGAINST SCHUMACHER

36. Plaintiff incorporates paragraphs 1 through 22 of this amended complaint as if fully set forth herein.

37. During the time he was entrusted with the handling of the Marzano claim, Schumacher owed a fiduciary duty to plaintiff relative to the handling of the Marzano claim..

38. In breach of that fiduciary duty, Schumacher stipulated to the compensability of the Marzano claim without receiving authority to do so from West Bend.

39. As a direct and proximate cause of that breach, plaintiff was required to pay substantial amounts of money for past medical expenses, past temporary total disability payments, future permanent disability payments, and attorney's fees, as well as having incurred other expenses, all to its damage in a sum substantially in excess of $75,000.

## COUNT V
## BREACH OF FIDUCIARY DUTY AGAINST RODDY LEAHY

40. Plaintiff incorporates paragraphs 1 through 22 of this Amended Complaint as if fully set forth herein.

41. Upon information and belief, at all times relevant hereto, Schumacher was a partner at Roddy Leahy and acted as an agent of Roddy Leahy.

42. Upon information and belief, at all times relevant hereto, Roddy Leahy controlled or had the right to control the conduct of Schumacher relative to the Marzano claim;

43. During the time he was entrusted with the handling of the Marzano claim, Schumacher owed a fiduciary duty to plaintiff.

44. In breach of that fiduciary duty, Schumacher stipulated to the compensability of the Marzano claim without receiving authority to do so from the plaintiff.

45. The conduct alleged herein fell within the scope of the Schumacher's agency.

46. Schumacher's breach of fiduciary duty is attributable to Roddy Leahy under the doctrine of *respondeat superior*.

47. As a direct and proximate cause of the breach , plaintiff was required to pay substantial amounts of money for past medical expenses, past temporary total disability payments, future permanent disability payments, and attorney's fees, as well as having incurred other expenses, all to its damage in a sum substantially in excess of $75,000

**COUNT VI**
**BREACH OF FIDUCIARY DUTY AGAINST RODDY LEAHY**
**APPARENT AGENCY THEORY**

48. This Count is set forth in the alternative to Count V.

49. Plaintiff incorporates paragraphs 1 through 22 of this Amended Complaint as if fully set forth herein.

50. At all times relevant hereto, Schumacher held himself out as a partner at Roddy Leahy in a manner that led plaintiff to conclude that Schumacher was an actual agent of Roddy Leahy;

51. At all times relevant hereto, and upon information and belief, Roddy Leahy had knowledge of and acquiesced in the acts of Schumacher relative to the Marzano claim.

52. At all times relevant hereto during Schumacher's handling of the Marszano claim, the plaintiff acted in reliance upon the conduct of the principal or its agent, consistent with ordinary care and prudence.

53. During the time he was entrusted with the handling of the Marzano claim, Schumacher owed a fiduciary duty to plaintiff.

54. In breach of that fiduciary duty, Schumacher stipulated to the compensability of the Marzano claim without receiving authority to do so from the plaintiff.

55. Schumacher's breach of fiduciary duty is attributable to Roddy Leahy under the doctrine of apparent agency.

56. As a direct and proximate cause of the breach , plaintiff was required to pay substantial amounts of money for past medical expenses, past temporary total disability

8

payments, future permanent disability payments, and attorney's fees, as well as having incurred other expenses, all to its damage in a sum substantially in excess of $75,000

WHEREFORE, plaintiff demands judgment against defendants, and against each of them, for compensatory damages in an amount to be determined by the trier of fact, together with its taxable costs and disbursements herein, and such other and further relief as the court may deem just and equitable.

TRIAL BY JURY IS HEREBY DEMANDED

Respectfully submitted,

WEST BEND MUTUAL INSURANCE COMPANY

BY: /s/ DANIEL P. DUFFY
_____
One of its attorneys

Daniel P. Duffy
ARDC No. 6228686
Peterson Johnson & Murray
233 S. Wacker, Floor 84
Chicago, IL 60606
(312) 782-7150
dduffy@pjmlaw.com

Terry E. Johnson
WI State Bar No. 1016704
Peterson Johnson & Murray
788 N. Jefferson Street, Ste. 500
Milwaukee, WI 53202
(414) 278-8800
tjohnson@pjmlaw.com