# IN UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 13 CV 04986 |
| RODDY, LEAHY, GUILL & ZIMA, LTD. and PAUL W. SCHUMACHER, | ) ) ) | Judge Ronald A Guzmán Magistrate Susan E. Cox |
| Defendants. | ) ) | |

## ORDER

Defendants filed a further motion to compel plaintiff to produce certain attorney-client records that it believed was subject to this Court's March 13, 2014 order [dkt. 60]. The Court finds that the documents are not subject to the Court's March 13, 2014 order, are protected by attorney-client privilege, and such privilege has not been waived. The defendants' motion is denied.

## STATEMENT

SUSAN E. COX, Magistrate Judge

This matter comes before the Court on defendant's further motion to compel that certain redactions be removed from documents to which plaintiff claims a privilege. Defendant argues that these documents fall within our previous ruling which recognized an implied waiver of the privilege in this legal malpractice case. Thus we allowed defendant access to plaintiff's successor counsel's communications to it about the underlying worker's compensation because we found these communications relevant to the malpractice against its prior counsel, defendant. The Court agreed to review the disputed documents *in camera* to determine whether they were encompassed by that ruling or, as plaintiff claims, they relate to the attorney-client communications about the progress of the legal malpractice case currently pending here in federal court.

The Court has examined the entries in question. All of them are on a "Claim Activity Log" maintained by plaintiff which records the status of claims and, where applicable, litigation. In this instance, the references in question all pertain to communications by present counsel (Peterson, Johnson & Murray) to the plaintiff about legal malpractice claim brought here and are not encompassed by the Court's previous ruling. These entries do not bear on the successor counsel's representation and how it may impact on the viability of the underlying malpractice case and are not relevant. The Court finds that these entries are privileged and do not have to be disclosed in this case. The Court also finds that the prior production of similar or even identical

entries on a Claim Activity Log in prior litigation does not waive the privilege as to these entries because that production was inadvertent and counsel requested that the materials be returned pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

Date: April 10, 2014                                                                 /s/ Magistrate Judge Susan E. Cox