**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WEST BEND MUTUAL** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | **No. 13 C 4986** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **RODDY, LEAHY, GUILL &** | ) | |
| **ZIEMA, LTD. and PAUL W.** | ) | |
| **SCHUMACHER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss plaintiff's amended complaint for legal malpractice. For the reasons set forth below, the Court grants the motion.

## Facts

Plaintiff alleges that it retained defendants in December 2005 to represent it in a Workers' Compensation proceeding, which was set for hearing in August 2006. (Am. Compl. ¶¶ 6-10.) In the intervening period, defendants did not take appropriate discovery or otherwise prepare a defense, and on the day of the hearing, they conceded plaintiff's liability. (*Id.* ¶¶ 12-19.) On April 11, 2007, plaintiff retained new counsel, and in January 2010, it settled the claim. (*See* Defs.' Mem. Supp.

Mot. Dismiss, Ex. A, Stip. Substitute Attys.; *id.*, Settlement Contract Lump Sum Pet. & Order.)[1] Plaintiff contends that, but for defendants' negligence, it would have incurred little or no liability.

### Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To state a viable malpractice claim, plaintiff must allege that defendants breached a duty of care they owed to it that arose from an attorney-client relationship and the breach proximately caused plaintiff to suffer actual damages. *Fox v. Seiden*, 887 N.E.2d 736, 742 (Ill. App. Ct. 2008); *see McCarthy v. Pedersen & Houpt*, 621 N.E.2d 97, 101 (Ill. App. Ct. 1993) (holding that plaintiff's settlement of the underlying case does not bar a malpractice claim). Defendants contend that the last two elements are lacking.

With respect to breach, plaintiffs allege that defendants: (1) "failed to ask basic and relevant questions during [the deposition of the claimant's] treating physician[]"; (2) "failed to properly and timely prepare witnesses necessary to the defense"; (3) "failed to depose West Bend's IME [the independent medical examiner ] . . . to develop a basis to argue a medical causation defense"; and on the day of the hearing, (4) "stipulat[ed] that the claim was 'compensable,' thereby conceding

---

[1]The Court can take judicial notice of the facts reflected in the certified copies of the documents filed in the Workers' Compensation proceeding. *See* Fed. R. Evid. 902; *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

liability under Illinois Workers' Compensation law." (Am. Comp. ¶¶ 12-14.) The Court agrees with defendants that their alleged failure to question claimant's doctor and properly prepare unidentified witnesses are too vague to support an inference of breach within the meaning of *Twombly*. *See Marro v. Adamski & Conti*, No. 97 C 8805, 1998 WL 246397, at *4 (N.D. Ill. Apr. 30, 1998) (dismissing legal malpractice claim that "only vaguely and conclusorily recite[d] the [claim] elements" and contained no "factual allegations from which the court [could] infer the breach of a professional duty of care").

The last two allegations are sufficiently specific to survive defendants' vagueness challenge but are fatally flawed in other respects. The allegation that defendants stipulated to plaintiff's liability in 2006 is refuted by the Workers' Compensation settlement agreement signed in 2010, which says that it is "a compromise of all disputed issues in this matter including whether [the claimant] can work, the capacity in which [he] could work, the causal relationship between [his] present condition and the alleged accident, and whether an accident occurred which arose out of and in the course of employment." (Defs.' Mem. Supp. Mot. Dismiss, Ex. A, Rider Lump Sum Settlement Pet. & Order; *see id.*, Settlement Contract Lump Sum Pet. & Order (stating that the parties dispute how the accident occurred, the nature of the injury, the part of claimant's body that was affected, and the existence, extent and duration of his disability).) Because the 2010 settlement agreement establishes that plaintiff did not concede liability in the Workers' Compensation proceedings in 2006, any malpractice claim premised on that purported concession fails.

Plaintiff fares no better with its assertion that it was damaged by defendants' failure to depose the IME. As discussed above, this lapse did not cause plaintiff to stipulate to liability. Therefore, defendants' failure to depose the IME during its tenure as plaintiff's counsel satisfies the

cause element of the malpractice claim only if plaintiff's new counsel was unable to take the deposition between April 2007, when he was retained, and January 2010, when plaintiff signed the settlement agreement. Plaintiff makes no such allegation. Thus, even if defendant's failure to depose the IME breached a duty to plaintiff, there is no basis for inferring that it caused plaintiff any harm.

Defendants also argue that the breach of fiduciary duty claims should be dismissed as duplicative of the malpractice claims. The Court agrees. *See Majumdar v. Lurie*, 653 N.E.2d 915, 921 (Ill. App. Ct. 1995) ("[W]hen, as in this case, the same operative facts support actions for legal malpractice and breach of fiduciary resulting in the same injury to the client, the actions are identical and the later should be dismissed as duplicative."). Accordingly, the breach of fiduciary duty claims are dismissed.

## Conclusion

For the reasons set forth above, the Court grants defendants' motion to dismiss [40]. The Court gives plaintiff one final opportunity to amend its complaint to state a viable malpractice claim. Any such amendment must be filed within fourteen days of the date of this Order. If plaintiff fails to file an amendment within that period, the Court will dismiss this suit.

**SO ORDERED.**                             **ENTERED:  April 21, 2014**


*Ronald A. Guzman*

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**