# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | No. 13 C 4986 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| | ) | |
| RODDY, LEAHY, GUILL & ZIEMA, LTD. and PAUL W. SCHUMACHER, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss plaintiff's second amended complaint for legal malpractice. For the reasons set forth below, the motion is granted and this case is terminated.

## Facts

Plaintiff retained defendants in December 2005 to represent it in a Workers' Compensation proceeding, which was set for hearing in August 2006. (2d Am. Compl. ¶¶ 6-10.) In the intervening period, defendants: (1) did not depose the independent medical examiner ("IME"); (2) agreed to redact certain portions of the IME's report; (3) did not speak with potential witnesses or investigate claimant's version of the facts; (4) compromised the defense by revealing information that supported it to claimant's attorney; and (5) "represent[ed] to counsel for the claimant that plaintiff would accept liability of the workers' compensation claim," without plaintiff's knowledge or consent. (*Id.* ¶¶ 11-20.)

On April 11, 2007, plaintiff retained new counsel, and in January 2010, it settled the claim. (*See* Defs.' Mem. Law Supp. Mot. Dismiss 2d Am. Compl., Ex. A, Stip. Substitute Attys.; *id.*, Settlement Contract Lump Sum Pet. & Order.)[1]  Plaintiff says that defendants' negligence, "forced [it] to pay additional sums and . . . [enter into] a disputed settlement in order to mitigate its exposure." (*Id.* ¶ 25.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To state a viable malpractice claim, plaintiff must allege that defendants breached a duty of care they owed to it that arose from an attorney-client relationship and the breach proximately caused plaintiff to suffer actual damages. *Fox v. Seiden*, 887 N.E.2d 736, 742 (Ill. App. Ct. 2008); *see McCarthy v. Pedersen & Houpt*, 621 N.E.2d 97, 101 (Ill. App. Ct. 1993) (holding that settlement of the underlying case did not bar a malpractice claim). Plaintiff alleges that defendant took or failed to take various actions before the August 2006 hearing date that prejudiced plaintiff's defense of the claim, including: (1) failing to depose the IME; (2) giving "key" defense information to claimant's counsel; (3) failing to timely interview witnesses; and (4) discovering on the eve of the

---

[1] The Court can take judicial notice of the facts reflected in the certified copies of the documents filed in the Workers' Compensation proceeding. *See* Fed. R. Evid. 902; *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

2

hearing that "a witness with relevant testimony" was unavailable and failing to ask that the hearing be continued until the witness could attend. (2d Am. Compl. ¶¶ 11-19.) Plaintiff does not, however, explain how any of these alleged acts and omissions harmed its defense. Thus, as in plaintiff's first two complaints, these allegations are too vague to support an inference of malpractice. *See Marro v. Adamski & Conti*, No. 97 C 8805, 1998 WL 246397, at *4 (N.D. Ill. Apr. 30, 1998) (dismissing legal malpractice complaint that included no "factual allegations to support an inference that the[] underlying lawsuit was lost or meritorious defense forfeited as a result of defendants' actions").

Plaintiff fares no better with its claim based on defendants' representation that plaintiff would accept liability. Though Plaintiff alleges that the representation "forced [it] to . . . pay[] . . . temporary total disability benefits and medical expenses, with little or no likelihood of recovery" and "to reach a disputed settlement in order to mitigate its exposure" (2d Am. Compl. ¶¶ 23, 25), these assertions are legally and factually unsupported. As a matter of law, paying benefits pending resolution of a claim does not preclude an employer from contesting liability. *See* 820 Ill. Comp. Stat. 305/8(b)(7) ("The payment of compensation by an employer or his insurance carrier to an injured employee shall not constitute an admission of the employer's liability to pay compensation."); *see* Illinois Workers' Compensation Commission, Handbook on Workers' Compensation and Occupational Diseases, § 3 ¶ 8 ("[I]f the employer pays benefits, it does not waive its right to dispute the claim. Even if a claim is filed . . . after some benefits have been paid, the employer still has the right to contest its liability to pay any compensation at all."), *available at* http://www.iwcc.il.gov/handbook.pdf (last visited June 25, 2014). Moreover, plaintiff admits that it could have contested the claim, despite the representation. (*See* 2d Am. Compl. ¶ 26 ("Although plaintiff technically had the option of contesting the compensability of the claim or filing a motion

3

to terminate benefits after retaining new counsel, those options were not practical as plaintiff had been paying benefits for some time and the Commission was unlikely to undue or reverse such payments.").) In short, because plaintiff does not and cannot allege that defendants' representation was the cause of any damages it may have suffered, the representation cannot support a malpractice claim.

**Conclusion**

For the reasons set forth above, the Court grants defendants' motion to dismiss the second amended complaint [73]. Moreover, because plaintiff has had three opportunities to state a viable malpractice claim and has failed to do so, the dismissal is with prejudice. This case is terminated.

**SO ORDERED.**                             **ENTERED: July 8, 2014**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**